# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

ALLEN DEXTEER JOHNSON,

               Plaintiff,

-vs-                                                Case No.  6:11-cv-57-Orl-GJK

COMMISSIONER OF SOCIAL
SECURITY,

               Defendant.

_____

## MEMORANDUM OF DECISION

Allen Dexter Johnson (the "Claimant") appeals to the District Court from a final decision of the Commissioner of Social Security (the "Commissioner") denying Claimant's claim for benefits. *See* Doc. No. 1.  On March 30, 2006, Claimant applied for Supplemental Security Income ("SSI"), alleging an onset of disability as of November 1, 1999, due to human immunodeficiency virus ("HIV"), hepatitis C, degenerative disk disease, substance abuse, and pain.  R. 63, 105.  Claimant's application was denied initially and upon reconsideration based on the residual functional capacity assessments ("RFC") of two non-examining state agency consultants, Drs. Robert Wesly and Nicholas Bancks.  R. 62, 64, 396-403, 416-23.[1]  On June 19, 2009, after a hearing, the Administrative Law Judge (the "ALJ") determined that Claimant is not disabled. R. 13-23.  As will be discussed in greater detail below, in reaching his decision, the ALJ relied upon the opinions of Drs. Wesly and Bancks, and, in part, on the opinion of another

---

[1] Dr. Wesly's opinion is dated on September 25, 2006, and Dr. Banck's opinion is dated on April 23, 2007.  R. 62, 64.

non-examining physician, Dr. Javier Barquet, who testified at the hearing.  R. 13-23.

After the ALJ's decision, the Claimant sought review from the Appeals Council, where Claimant submitted additional evidence consisting of a one-page opinion from Claimant's long-standing treating physician, Dr. Daniel A. Warner.  R. 1-4, 594.  Dr. Warner's opinion is the only opinion in the record regarding Claimant's physical limitations from a treating or examining source.  The Appeals Council stated that it had considered the additional evidence submitted by Claimant, but it denied Claimant's request for review, stating that it "does not provide a basis for changing the [ALJ]'s decision."  R. 1-2.   Claimant appealed the Commissioner's final decision to the District Court.  Doc. No. 1.

On appeal, Claimant argues that the final decision should be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) because: 1) the Appeals Council erred by failing to adequately explain its evaluation of the new evidence and to grant Claimant's request for review by remanding the case back to the ALJ for further consideration; 2) the ALJ failed to apply the correct legal standard to the side-effects of Claimant's medications; and 3) the ALJ's credibility finding is not supported by substantial evidence.  Doc. No. 14 at 2-19.   For the reasons more fully discussed below, final decision of the Commissioner is **REVERSED and REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) because the Appeals Council failed to explain its evaluation of the new, material evidence, which provides a reasonable possibility of changing the administrative outcome.** *See Flowers v. Commissioner of Social Security*, 441 Fed.Appx. 735, 745-47 (11th Cir. 2011) (unpublished) (reversing where Appeals Council failed to show it adequately evaluated the new treating physician opinion evidence and the only remaining evidence supporting denial of benefits was the opinion of a non-examining

-2-

physician) (citing *Epps v. Harris*, 624 F.2d 1267, 1273 (5th Cir. 1980)).[2]

## I.      BACKGROUND.

The dispositive issue in this case is whether the Appeals Council erred by failing to adequately evaluate the new evidence and whether that evidence provides a reasonable possibility of changing the administrative outcome.  Therefore, the Court will tailor the medical and administrative history to that issue.

The record before the ALJ does not contain any medical opinion regarding Claimant's physical functional limitations from a treating or examining physician.  The only medical opinions in the record at the time of the ALJ's decision regarding physical limitations were the opinions of the two non-examining physicians who reviewed the medical records at the time of the initial decision and upon reconsideration. R. 62, 64, 396-403, 416-23.

A.  Dr. Wesly.

On September 25, 2006, Dr. Wesly provided an RFC based upon a records review.  R. 396-403.   Dr. Wesly opined that Claimant carries the diagnoses of HIV, Chronic Active Hepatitis C, substance abuse, pancreatitis, rectal herpes, and left Anterior Cruciate Ligament tear.  R. 396.  Dr. Wesly stated that Claimant can: lift and/or carry 20 pounds occasionally and 10 pounds frequently; stand and/or walk for about 6 hours in an 8-hour workday; sit about 6 hours in an 8-hour workday; and push and or pull unlimitedly.  R. 397.  Dr. Wesly opined that Claimant has no postural, manipulative, visual, communicative, or environmental limitations.  R. 398-400.  Dr. Wesly stated that the medical record shows "minimal impairments," and the

---

[2] In *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent the decisions of the former Fifth Circuit.

Claimant "should be capable of the RFC provided, allowing for the weakness and lethargy which are typically seen in his condition." R. 401.

B.  Dr. Bancks.

On April 23, 2007, Dr. Bancks provided an RFC based upon a records review. R. 416-23. Dr. Bancks opined that Claimant carries the diagnoses of Chronic Active Hepatitis C and HIV. R. 416. Dr. Bancks stated that Claimant can: lift and/or carry 20 pounds occasionally and 10 pounds frequently; stand and/or walk about 6 hours in an 8-hour workday; sit about 6 hours in an 8-hour workday; and push or pull unlimitedly. R. 417. Dr. Bancks opined that Claimant has no postural, manipulative, visual, communicative, environmental limitations. R. 418-20. Dr. Bancks stated that Claimant "actually seems to be doing well." R. 421. Thus, Drs. Wesly and Bancks respective opinions are identical.

C.  Dr. Javier Barquet.

At the hearing before the ALJ on May 5, 2009, Dr. Javier Barquet, a board certified internist, testified based upon a medical records review. R. 27-35. Dr. Barquet testified that he is not concerned with Claimant's HIV or hepatitis C because they are stable. R. 29-30. Dr. Barquet stated that his main concern is neuropathy dating back to May of 2007 with persistent pain during past two years. R. 30. Based on his review of the medical record, Dr. Barquet opined that Claimant can sit for 4 to 6 hours and stand 2 hours in an 8-hour workday. R. 31. According to Dr. Barquet, Claimant can lift or carry a maximum of 20-25 pounds, he has no manipulative limitations, but he can only occasionally climb, bend or crouch, and can never climb ropes, ladders or scaffolds. R. 31. Dr. Barquet also testified that Claimant should avoid unprotected heights and dangerous machinery, and Claimant should not work around

atmospheric pollutants due to his HIV or temperature extremes.  R. 32-33.  Thus, Dr. Barquet

opined that Claimant is limited to a "reduced range of sedentary work."  R. 35.

## II.   ADMINISTRATIVE PROCEEDINGS.

On June 19, 2009, the ALJ issued a decision finding that Claimant is not disabled.  R. 13-

23.  The ALJ made the following significant findings:

1. The [C]laimant has not engaged in substantial gainful activity since March 23, 2006, the application date;

2. The [C]laimant has the following severe impairments: history of human immunodeficiency virus (positive), history of hepatitis C, history of knee pain, history of mild degenerative joint disease in lumbar spine at L5-S1;

3. The [C]laimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments;

4. [T]he [C]laimant has the [RFC] to perform a reduced range of light work. . . . The [C]laimant is able to lift/carry up to 20 pounds occasionally and up to 10 pounds or less more frequently.  The [C]laimant is able to sit, stand, and walk up to 6 hours in a normal work day.  The [C]laimant has no manipulative limitations.  The [C]laimant can climb stairs occasionally; however, the [C]laimant cannot climb ladders, ropes, scaffolds or ramps.  The [C]laimant can bend occasionally.  The [C]laimant cannot kneel or crawl or work around unprotected heights or dangerous machinery.  The [C]laimant must avoid working around extreme vibrations or extreme temperatures.  The [C]laimant must work in a temperature controlled environment and cannot work in proximity to concentrated amounts of atmospheric pollutants such as dust, smoke, fumes, chemicals and the like;

5. The [C]laimant has no past relevant work;

6. The Claimant was born on December 4, 1967 and was 38 years old, which is defined as a younger individual age 18-49, on the date the application was filed.  He is currently 41 years of age;

7. The [C]laimant has at least a high school education and is able to communicate in English;

8. Transferability of job skills is not an issue because the [C]laimant does

not have past relevant work;

9. Considering the [C]laimant's age, education, work experience, and [RFC], there are jobs that exist in significant numbers in the national economy that [C]laimant can perform; and

10. The [C]laimant has not been under a disability, as defined in the Social Security Act, since March 23, 2006, the date the application was filed.

R. 13-23.   In determining the Claimant's RFC, the ALJ thoroughly reviewed Dr. Barquet's testimony and the opinions of the non-examining physicians.  R. 17-18, 21.  Regarding the opinion evidence, the ALJ states:

> The [non-examining state agency physicians] opined that the [C]laimant is capable of light exertion work.  This opinion is consistent with the above noted [RFC] and consistent with the overall medical record as a whole.  [The non-examining state agency physicians] noted that [C]laimant's laboratory findings have indicated stability with his HIV, especially with the antiretroviral therapy.  Additionally, these same examiners have remarked that the [C]laimant's physical examinations have essentially been normal and the [C]laimant's weight was noted to be increasing. . . .

> In sum, the above [RFC] is supported by the opinion of the [state agency physicians].  Dr. Barquet limited the [C]laimant to a reduced range of sedentary work based primarily on his assessment that the [C]laimant may have some form of neuropathy.  However, Dr. Barquet's conclusion is not well articulated or supported in the medical evidence of record as discussed above.[3]  Moreover, Dr. Barquet otherwise felt that the [C]laimant's other medical conditions would not suggest any kind of disability.  The [C]laimant has not sought any medical treatment for his knee pain in the last several years, but Dr. Barquet testified that he considered the knee pain in reaching his [RFC].  If the [RFC] is the most a person can do, the undersigned finds that the state agency [RFC] assessments make more sense.  The undersigned finds no contraindication to this [C]laimant performing standing and walking at least 6 hours in an 8-hour work day.  The end result would still be the same whether the [C]laimant was able to

---

[3] Regarding Dr. Barquet's opinion concerning neuropathy, the ALJ states that "[a]n evaluation in May 2007 . . . for alleged bilateral leg weakness was not conclusive for any neuropathy findings."  R. 21.

> undertake light or sedentary work. The undersigned finds,
> therefore, that the state agency [RFC] outlined by the State agency
> [non-examining physicians] is more consistent with the medical
> evidence of record and therefore the undersigned assigns greater
> weight to these opinions.

R. 21. Thus, the ALJ gave the greatest weight to the opinions of Drs. Wesly and Bancks, and

rejected Dr. Barquet's opinion regarding Claimant's limitations due to neuropathy.  R. 21.

Accordingly, the ALJ based his RFC opinion on the opinions of non-examining physicians.[4]

At the Appeals Council, Claimant submitted additional evidence consisting in pertinent

part of the opinion of Dr. Daniel A. Warner, Claimant's long-term treating physician.  R. 594.

Dr. Warner's opinion, dated August 26, 2009, is a one-page checklist, which states that the

following symptoms and limitations are reasonably consistent with Claimant's medical signs and

Dr. Warner's findings:

> The inability to be on his feet (standing or walking) for two or
> more hours in an eight-hour workday five days a week due to back
> pain;
>
> Pain which prevents him from bending;
>
> Pain which prevents him from stooping;
>
> The need for frequent (hourly) unscheduled breaks; and
>
> Increased symptoms which would cause approximately 4 or more
> absences from work per month.

R. 594. Dr. Warner also states that based upon his review of the medical records, the Claimant's

history, and the level of severity of the impairments upon examination, the Claimant's

---

[4] A comparison of the ALJ's RFC and the RFCs offered by the non-examining physicians reveals the ALJ did actually adopt portions of Dr. Barquet's RFC opinion.  For example, neither of the non-examining physicians opined that Claimant had any of the postural or environmental limitation adopted by the ALJ, but those are the precise limitations testified to by Dr. Barquet.  See R. 16-17, 27-35, 396-403, 416-23.  In the decision, the ALJ does not articulate the reasons why he gave Claimant greater limitations than those identified by the non-examining physicians or why he adopted some of the greater limitations identified by Dr. Barquet.

impairments and limitations described above have existed since March of 2006.  R. 594.  Thus, Dr. Warner opines that Claimant is not capable of working.  As set forth above, the Appeals Council summarily stated that it had considered the additional evidence submitted by Claimant, but it denied Claimant's request for review, stating that it "does not provide a basis for changing the [ALJ]'s decision."  R. 1-2.

## III.   __THE ISSUE__.

As mentioned above, the dispositive issue in this case is whether the Appeals Council erred by failing to adequately explain its evaluation of the new evidence and to grant Claimant's request for review by remanding the case back to the ALJ for further consideration. Claimant maintains that Dr. Warner's opinion is new and material evidence supporting a finding of disability and the Appeals Council erred by failing to articulate its evaluation of the opinion. Doc. No. 14 at 9-11.  Claimant asserts that because the Court "'may not decide facts anew, reweigh the evidence, or substitute [its] judgment for that of the [ALJ]'" the appropriate action is to remand the case pursuant to sentence four of Section 405(g).  Doc. No. 14 at 10-11 (quoting *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005)).

The Commissioner maintains that the Appeals Council did not err because Dr. Warner's opinion did not relate to the period on or before the date of the hearing before the ALJ.  Doc. No. 17 at 17.  Thus, the Commissioner asserts that the Appeals Council could not have erred because it was not even required to consider the opinion.  Doc. No. 17 at 17.  The Commissioner also maintains that Dr. Warner's opinion "is completely at odds" with his treatment notes and he did not cite to any evidence in support of his opinion.  Doc. No. 17 at 18.  Accordingly, the

Commissioner maintains that the Appeals Council "properly denied review despite this opinion, implicitly finding it was not material."  Doc. No. 17 at 18.

**IV.   LEGAL STANDARDS.**

    **A.   THE ALJ'S FIVE-STEP DISABILITY ANALYSIS.**

Under the authority of the Social Security Act, the Social Security Administration has established a five-step sequential evaluation process for determining whether an individual is disabled. *See* 20 CFR §§ 404.1520(a), 416.920(a).  In *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001), the Eleventh Circuit explained the five-step sequential evaluation process as follows:

> In order to receive disability benefits, the claimant must prove at step one that he is not undertaking substantial gainful activity. At step two, the claimant must prove that he is suffering from a severe impairment or combination of impairments. At step three, if the claimant proves that his impairment meets one of the listed impairments found in Appendix 1, he will be considered disabled without consideration of age, education, and work experience. If the claimant cannot prove the existence of a listed impairment, he must prove at step four that his impairment prevents him from performing his past relevant work. At the fifth step, the regulations direct the Commissioner to consider the claimant's residual functional capacity, age, education, and past work experience to determine whether the claimant can perform other work besides his past relevant work.

*Id*. (citations omitted). The steps are followed in order.  If it is determined that the claimant is not disabled at a step of the evaluation process, the evaluation will not go on to the next step.

    **B.   THE STANDARD OF REVIEW.**

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g).  Substantial evidence is more than a scintilla — i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant

evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (*citing Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *accord, Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991).

Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The District Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord, Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings); *Parker v. Bowen*, 793 F.2d 1177 (11th Cir. 1986) (court also must consider evidence detracting from evidence on which Commissioner relied). The District Court "may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner]." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n. 8 (11th Cir. 2004).

### C.   REMEDIES.

Congress has empowered the District Court to reverse the decision of the Commissioner without remanding the cause. 42 U.S.C. § 405(g)(Sentence Four). To remand under sentence four, the District Court must either find that the Commissioner's decision applied the incorrect law, fails to provide the court with sufficient reasoning to determine whether the proper law was applied, or is not supported by substantial evidence. *Keeton v. Dep't of Health & Human Serv.*,

21 F.3d 1064, 1066 (11th Cir. 1994) (reversal and remand appropriate where ALJ failed to apply correct law or the ALJ failed to provide sufficient reasoning to determine where proper legal analysis was conducted) (citing *Cornelius v. Sullivan*, 936 F.2d 1143, 1146 (11th Cir. 1991); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)); *Jackson v. Chater*, 99 F.3d 1086, 1090-91 (11th Cir. 1996) (remand appropriate where ALJ failed to develop a full and fair record of claimant's RFC); *accord Brenem v. Harris*, 621 F.2d 688, 690 (5th Cir. 1980) (remand appropriate where record was insufficient to affirm, but also was insufficient for District Court to find claimant disabled).

This Court may reverse the decision of the Commissioner and order an award of disability benefits where the Commissioner has already considered the essential evidence and it is clear that the cumulative effect of the evidence establishes disability without any doubt. *Davis v. Shalala*, 985 F.2d 528, 534 (11th Cir. 1993); *accord*, *Bowen v. Heckler*, 748 F.2d 629, 631, 636-37 (11th Cir. 1984). A claimant may also be entitled to an immediate award of benefits where the claimant has suffered an injustice, *Walden v. Schweiker*, 672 F.2d 835, 840 (11th Cir. 1982), or where the ALJ has erred and the record lacks substantial evidence supporting the conclusion of no disability, *Spencer v. Heckler*, 765 F.2d 1090, 1094 (11th Cir. 1985). The District Court may remand a case to the Commissioner for a rehearing under sentences four or six of 42 U.S.C. § 405(g); or under both sentences. *Jackson*, 99 F.3d at 1089-92, 1095, 1098. Where the District Court cannot discern the basis for the Commissioner's decision, a sentence-four remand may be appropriate to allow the Commissioner to explain the basis for his decision. *Falcon v. Heckler*, 732 F.2d 827, 829 - 30 (11th Cir. 1984) (remand was appropriate to allow

ALJ to explain his basis for determining that claimant's depression did not significantly affect her ability to work).[5]

## V.   ANALYSIS.

Claimant contends that the Appeals Council erred by failing to demonstrate that it adequately evaluated the new evidence and by not remanding the case to the ALJ to consider it. Claimants may generally present new evidence at each stage of the administrative proceedings. 20 C.F.R. §§ 404.900(b), 416.1470(b); *Ingram v. Commissioner of Social Security*, 496 F.3d 1253, 1261 (11th Cir. 2007).   If additional evidence is presented for the first time to the Appeals Council, it must consider the evidence if it is "new and material" evidence relating "to the period on or before the date of the [ALJ's] hearing decision."   20 C.F.R. §§ 404.970(b), 416.1470(b). Thus, to warrant consideration by the Appeals Council, the evidence must relate to the period on or before the date of the ALJ's decision.   *Id*.   In this case, the Commissioner contends that the Appeals Council was not required to consider Dr. Warner's opinion because it was offered after the date of the ALJ's decision and did not relate to the time period on or before the ALJ's decision.   Doc. No. 17 at 17-18.   Although Dr. Warner's opinion was dated after the date of the ALJ's decision, the opinion unequivocally states that the functional limitations described therein existed "since March 2006."   R. 594.   Accordingly, Dr. Warner's opinion is "new" because it relates to the period before the ALJ's decision and should have been considered by the Appeals Council.

---

[5] On remand under sentence four, the ALJ should review the case on a complete record, including any new material evidence.  *Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983) (on remand ALJ required to consider psychiatric report tendered to Appeals Council); *Reeves v. Heckler*, 734 F.2d 519, 522 n.1 (11th Cir. 1984) (on remand ALJ required to consider the need for orthopedic evaluation).  After a sentence-four remand, the District Court enters a final and appealable judgment immediately, and then loses jurisdiction.  *Jackson*, 99 F.3d at 1089, 1095.

"When a claimant properly presents new evidence, and the Appeals Council denies review, the Appeals Council must show in its written denial that it has adequately evaluated the new evidence." *Flowers v. Commissioner of Social Security*, 441 Fed.Appx. 735, 745 (11th Cir. Sep. 30, 2011) (unpublished) (citing *Epps v. Harris*, 624 F.2d 1267, 1273 (5th Cir. 1980)). Thus, the Appeals Council must demonstrate or articulate in some manner that it has appropriately evaluated the new evidence. *Id.* "If the Appeals Council merely 'perfunctorily adhere[s]' to the ALJ's decision, the Commissioner's findings are not supported by substantial evidence and we must remand 'for a determination of [the claimant's] disability eligibility reached on the total record.'" *Flowers*, 441 Fed.Appx. at 745 (quoting *Epps*, 624 F.2d at 1273).

In *Flowers*, the ALJ properly rejected the opinions of Claimant's treating and examining physicians and relied instead upon the opinion of a non-examining physician, which was well supported by the medical findings contained in the records from the treating and examining physicians. *Id*. at 740-43.[6] The claimant then submitted new evidence to the Appeals Council consisting of new treatment records and opinions from claimant's treating physician. *Id*. at 746. The Appeals Council adopted the ALJ's decision without meaningfully addressing the new evidence. *Id*. The Eleventh Circuit reversed finding that the Appeals Council had not adequately considered the claimant's new evidence. *Id*. at 745. The Eleventh Circuit stated that "[i]ndeed, apart from acknowledging that Flowers had submitted new evidence, the Appeals Council made no further mention of it or attempt to evaluate it." *Id*. The Eleventh Circuit noted that the new evidence before the Appeals Council was from a treating physician while the ALJ had relied, albeit properly in that case, on the opinion of a non-examining physician. *Id*. at 746-

---

[6] The Eleventh Circuit recognized that rejecting all of the treating and examining physicians' opinions and relying on the opinion of a non-examining physician instead was an unusual step, but they stated it was appropriate given the record in *Flowers*. *Id*. at 746.

747.  Thus, to the extent the non-examining physician's opinion contradicted the opinion of the treating physician; the non-examining opinion must be accorded little weight.  *Id.* at 747. Accordingly, the case was remanded for consideration of the new evidence because there was a reasonable possibility that the new evidence would change the administrative outcome.  *Id.*

In this case, the ALJ's decision is based upon the opinion of two non-examining physicians, Drs. Wesly and Bancks.  R. 20-21.  After the ALJ's decision, the Claimant submitted Dr. Warner's retrospective opinion to the Appeals Council.  R. 594.  Dr. Warner is Claimant's long-term treating physician.   R. 249-76, 358-60, 380-95, 404-12, 413-15, 424-25, 579-91. There is no question that Dr. Warner's opinion directly contradicts the opinions of Dr. Wesly and Bancks regarding Claimant's RFC.  *Compare* R. 594 *with* R. 396-403, 416-23.  Absent good cause, the opinions of treating physicians must be accorded substantial or considerable weight. *Lamb v. Bowen*, 847 F.2d 698, 703 (11th Cir. 1988).  "The opinion of a non-examining physician does not establish the good cause necessary to reject the opinion of a treating physician." *Johnson v. Barnhart*, 138 Fed.Appx. 266, 269 (11th Cir. 2005).  Moreover, the opinions of a non-examining physician do not constitute substantial evidence when standing alone.  *Spencer ex rel. Spencer v. Heckler*, 765 F.2d 1090, 1094 (11th Cir. 1985).  Thus, absent good cause, Dr. Warner's opinion must be given substantial weight and the non-examining opinions must be given little weight. *Lamb*, 847 F.2d at 703.

In their decision denying review, the Appeals Council merely stated that "we considered the reasons you disagree with the decision and the additional evidence . . . [but] [w]e found this information does not provide a basis for changing the [ALJ's] decision."  R. 1-2.  As in *Flowers*, the Appeals Council here did not demonstrate that it adequately evaluated the new evidence or

-14-

did anything more than perfunctorily adhere to the ALJ's decision.  On that basis alone, the case must be remanded to the Commissioner.  *Epps*, 624 F.2d at 1273.

The Commissioner maintains that Dr. Warner's opinion would not likely change the administrative outcome because good cause exists to reject the opinion.  Doc. No. 17 at 18-19. However, the Court is mindful that it "may not decide facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner]."  *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005).  Because the Appeals Council did not articulate any evaluation of Dr. Warner's opinion, in order for the Court to determine whether good cause exists to reject the opinion, the Court would necessarily have to engage in prohibited activities of deciding facts anew, reweighing the evidence, and substituting its own decision about the total record for that of the Commissioner.  Accordingly, the Court finds that the case should be reversed and remanded to the Commissioner for evaluation of the total record.  *See Flowers*, 441 Fed.Appx. at 745, 747.

**VI.**    **CONCLUSION.**

Based on the forgoing, it is **ORDERED** that:

1.   The final decision of the Commissioner is **REVERSED and REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g);[7] and

2.   The Clerk to enter judgment in favor of the Claimant and to close the case.

---

[7] Because the Court finds that the final decision of the Commissioner is not supported by substantial evidence, it is unnecessary to address the other issues raised by the Claimant.

**DONE and ORDERED** in Orlando, Florida on February 13, 2012.


GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

The Court Requests that the Clerk
Mail or Deliver Copies of this Order to:

Richard A. Culbertson, Esq.
Law Office of Richard A. Culbertson
3200 Corrine Dr.
Orlando, FL    32803

John F. Rudy, III
U.S. Attorney's Office
Suite 3200
400 N. Tampa St.
Tampa, Florida          33602

Mary Ann Sloan, Regional Chief Counsel
Dennis R. Williams, Deputy Regional Chief Counsel
Susan Kelm Story, Branch Chief
Christopher G. Harris, Assistant Regional Counsel
Office of the General Counsel, Region IV
Social Security Administration
61 Forsyth Street, S.W., Suite 20T45
Atlanta, Georgia          30303-8920

The Honorable John D. Thompson, Jr.
Administrative Law Judge
c/o Office of Disability Adjudication and Review
Desoto Building, #400
8880 Freedom Crossing
Jacksonville, Florida   32256-1224